**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA and
THE STATE OF MINNESOTA

*ex rel.* PATRICK JOHNSON,

Plaintiffs-Relator,

v.

EVERGREEN RECOVERY, INC.,
SHAWN GRYGO, DAVID BACKUS,
SHANTEL MAGADANZ, and
HEATHER HEIM,

Defendants.

No. 0:23-cv-02533 (KMM/JFD)

---

United States of America,

Plaintiff,

v.

1. Evergreen Recovery, Inc.;
2. Evergreen Mental Health Services Inc.;
3. Ethos Recovery Clinic Inc.;
4. Second Chances Recovery Housing Inc.;
5. Second Chances Sober Living, Inc.;
6. David Backus;
7. Shawn Grygo; and
8. Shantel Magadanz;

Defendants.

No. 0:24-cv-02944 (KMM/JFD)

---

**BRIEFING ORDER ON MOTIONS TO WITHDRAW**

Pending before the Court in these related cases are Khouri Law Firm, APC and attorney Michael Khouri's motions to withdraw as counsel of record for Defendants David Backus and Evergreen Recovery Inc. in Case No. 0:23-cv-02533 (KMM/JFD) (Dkt. 47), and Defendants David Backus and Evergreen Mental Health Services, Inc. in Case No. 0:24-cv-2944 (KMM/JFD) (Dkt. 107). In these motions, Mr. Khouri advises the Court that he is seeking to withdraw because he and his firm have been discharged from representation of Mr. Backus and the identified Evergreen entities. By email to the undersigned District Judge's chambers, Mr. Backus has confirmed that he discharged Mr. Khouri and the Khouri Law Firm in early September. Under the District of Minnesota's Local Rules, such a motion is required when counsel seeks to withdraw without substitution of counsel leaving the formerly represented parties without an attorney. D. Minn. LR 83.7(c).

When an attorney is permitted to withdraw under this Local Rule, an individual may continue to represent his or her own interests in the litigation as a *pro se* litigant. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). However, it is well settled law that a non-attorney cannot represent the interests of a corporation or other business entity in federal court. *See, e.g.*, *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) ("[T]he law does not allow a corporation to proceed *pro se*."); *Simitar*

*Entm't, Inc. v. Silva Entm't, Inc.*, 44 F. Supp. 2d 986, 990 (D. Minn. 1999) (explaining that sole shareholders of a corporation cannot represent the corporation *pro se*).

This means that, if Mr. Khouri and the Khouri Law Firm are granted leave to withdraw as counsel for Mr. Backus and the identified Evergreen entities, and if these Defendants do not secure substitute counsel, Mr. Backus will still be allowed to represent his own personal interests in the litigation going forward. However, he cannot act on behalf of the Evergreen business entities that he owns or operates in this litigation. And without representation of the entities' interests, they will be in default. *Ackra Direct Mktg. Corp.*, 86 F. 3d at 856–57 (explaining that the corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed *pro se*). Failure to obtain substitute counsel for the Evergreen entities could result in the entry of a default judgment against those businesses.

The Court also observes that an attorney seeking to withdraw without substitution is required to show good cause. D. Minn. LR 83.7(c). In evaluating whether that showing has been made, courts in this District look to whether withdrawal is permitted or required under the Minnesota Rules of Professional Conduct. *Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 549 (8th Cir. 2016). If the requirements of the Local Rule and the Rules of Professional Conduct are satisfied, then withdrawal is presumptively appropriate. *Id.* at 549–50. And courts disregard that presumption only where withdrawal would be severely prejudicial to the client or third parties. *Id.* at 551. The Eighth Circuit has observed that this severe-prejudice standard is not met when an attorney withdraws at a point when

"there are no imminent deadlines and defendants have time to secure new counsel." *Id.* (quotations omitted).

With these standards in mind, and in light of the progress of this litigation, the Court finds it is in the interests of justice to issue the following briefing schedule.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. If Mr. Backus or any other party intends to submit a response in opposition to the pending motions to withdraw in these cases, such responses must be filed **no later October 9, 2026**.

2. If there is a response in opposition to the pending motions to withdraw, Mr. Khouri and the Khouri Law Firm may file a reply memorandum **no later than October 16, 2026**.

3. No additional briefing will be permitted or considered without prior leave of Court.

4. The Court will decide the motions on the written submissions and without a hearing, unless the Court determines that a hearing is necessary.

Date: September 25, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge